FILED

JUN 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARD FERIDO QUITORIANO, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 09-72112 Agency No. A047-870-614 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2013[**]
San Francisco, California

Before: REINHARDT and WATFORD, Circuit Judges, and LYNN, District Judge.[***]

1.      Petitioner Bernard Quitoriano is a native and citizen of the Philippines who was found subject to removal under section 237(a)(2)(B)(I) of the Immigration and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(B)(i), as an individual who has been convicted of three violations of a law relating to a controlled substance. The Immigration Judge ("IJ") also denied Quitoriano's application for cancellation of removal under 240A(a)(2) of the INA, 8 U.S.C. § 1229b(a)(2), because he did not have the required period of continuous residence. The BIA affirmed.

2. Quitoriano does not challenge the finding that he is subject to removal, only the finding of ineligibility for cancellation of removal. To be eligible for cancellation of removal, an individual must have "resided in the United States continuously for 7 years." 8 U.S.C. § 1229b(a)(2). By statute, "an alien ceases to accrue time toward the residency requirement when . . . the alien commits one of a number of criminal offenses." *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1324 (9th Cir. 2006); 8 U.S.C. § 1229b(d)(1). Offenses that terminate continuous residence include controlled substances offenses. 8 U.S.C. § 1182(a)(2)(A)(i)(II); *Valencia-Alvarez*, 469 F.3d at 1324-25 n.8.

3. The BIA found that Quitoriano's controlled substances offenses interrupted his period of continuous residence, thus rendering him ineligible for cancellation of removal. Quitoriano argues that his accrual of continuous residence should be deemed as having terminated on the date that he failed to comply with the conditions of probation that would have led to an expungement of his convictions

2

had he satisfied those conditions, not on the date that he committed the offenses leading to his convictions. We reject this argument because it contradicts the plain language of the statute, which bases termination of continuous residence on the date when the act triggering removability was committed. "[T]he 'stop-time' rule . . . is triggered by the commission of a crime, rather than by a conviction resulting from a guilty plea." *In re Jurado-Delgado*, 24 I. & N. Dec. 29, 32 (BIA 2006). Because Quitoriano's criminal offenses were committed less than seven years after November 23, 2000—his date of admission to the United States—he did not have the period of continuous residence required to be eligible for cancellation of removal.[1]

PETITION DENIED.

---

[1]We need not consider whether, had Quitoriano completed his probation and successfully expunged his convictions, the offenses would still "render[] [him] inadmissible" under 8 U.S.C. § 1229b(d)(1); here, Quitoriano's convictions were not expunged and the offenses leading to those convictions did render him inadmissible.